**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES ATWOOD,

Plaintiff

**00-60440**

-vs-

CASE NO.

MARIANNE O. BATTANI

MAGISTRATE JUDGE CARLSON

DR. CHUA CARLOS, PRO COM SERVICES CORP, an Illinois Corporation, and
ANN ARBOR CREDIT BUREAU, a Michigan Corporation,

Defendants

______________________________/

FILED
2000 DEC -7 A 8:45
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

RICHELLE C. LESTER P53383
Attorney for Plaintiff
33067 Schoolcraft
Livonia, Michigan 48150
(734) 427-4505

______________________________/

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

The Complaint of James Atwood by his attorneys, UAW-Ford Legal Services Plan, is as follows:

**INTRODUCTION**

1. This is an action for actual damages and statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 USC §1692 et seq., ("FDCPA") Fair Credit Reporting Act, 15 U.S.C. §1681 et seq, ("FCRA") and the Michigan Collection Practices Act, MCLA 339.901, et seq., ("MCPA").

## JURISDICTION

2. Jurisdiction of this court arises under 15 USC 1692k(d), 28 USC 1331, 15 U.S.C. 1681p, and under the supplemental jurisdiction as set forth in 28 USC 1367.

## PARTIES

3. Plaintiff JAMES ATWOOD is a natural person currently residing in Brighton, MI and is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

4. Defendant Dr. Chua Carlos, MD is a resident of Illinois.

5. Defendant PRO COM SERVICES CORP., hereafter referred to as PRO COM (formally known as CREDIT BUREAU OF SPRINGFIELD, INC.) is an Illinois corporation with its principal place of business located in Springfield, Illinois. PRO COM SERVICES CORP regularly attempts to collect consumer debts asserted to be due another.

6. Defendant, ANN ARBOR CREDIT BUREAU, INC., hereafter referred to as ANN ARBOR is a Michigan Corporation with its principal place of business located in Ann Arbor, Michigan. Defendant ANN ARBOR CREDIT BUREAU, INC. is a consumer reporting agency as defined by §1681a(c) of the Act.

## FACTS

7. Defendants PRO COM communicated by letter with Plaintiff in an attempt to collect a consumer debt allegedly due an underlying creditor on October 27, 1998,

8. Plaintiff notified Defendant PRO COM in writing that Plaintiff wished the debt collector to cease further communication on or about November 25, 1998.

9. Despite the notification by Plaintiff and his attorney that Plaintiff wished the debt collector to cease communication, Defendant PRO COM continued to communicate with Plaintiff in an attempt to collect the alleged debt. Defendant PRO COM wrote additional letters on November 17, 1999, October 27, 1998, February 5, 2000, January 11, 2000 and April 22, 2000 in an attempt to collect the alleged debt.

10. Plaintiff notified Defendant PRO COM in writing that the debt was disputed and verification requested on or about November 25, 1998.

11. Despite the notification by Plaintiff that the debt was disputed and verification was requested, Defendant PRO COM continued to communicate with Plaintiff in an attempt to collect the alleged debt before providing the requested verification.

12. Defendant PRO COM was notified on or about November 25, 1998, by David Black that Plaintiff was represented by an attorney regarding the alleged debt.

13. Despite the notification of attorney representation, Defendant PRO COM communicated directly to the Plaintiff in an attempt to collect the alleged debt.

14. Plaintiff's credit card limit was reduced because PRO COM reported the debt to Defendant ANN ARBOR CREDIT BUREAU, INC.

15. Plaintiff was denied credit because PRO COM reported the debt to Defendant ANN ARBOR CREDIT BUREAU, INC.

16. Plaintiff immediately requested a copy of his credit report relied upon by his credit card company from Defendant ANN ARBOR.

17. Defendant ANN ARBOR sent Plaintiff a copy of his credit report. The report contained an account with Dr. Chua Carlos, MD, which is not owed by Plaintiff, listing it

as a collection account. Upon information and belief, the credit report issued by Defendant ANN ARBOR and relied up by his credit card company and other companies in making its credit determination was erroneous.

18. On or about February 7, 2000 Plaintiff by and through his attorneys UAW Legal Services Plan sent Defendant ANN ARBOR a letter detailing the inaccurate accounts and demanding that the report be corrected.

19. Defendant ANN ARBOR sent Plaintiff a letter stating that his credit file had been investigated and revised, together with a letter indicating that the accounts were verified and correct as reported.

20. As a result of Defendants' actions in violation of collection statutes, Plaintiff suffered emotional distress and mental anguish.

**COUNT I- PRO COM**
**FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff realleges and incorporates by reference all of the above paragraphs.

22. In attempting to collect the alleged debt from Plaintiff, Defendants have committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq., including, but not limited to, the following:

A. Failing to cease communication as required after notice from the Plaintiff. 15 USC 1962c(c).

B. Communicating with the Plaintiff, knowing the Plaintiff was represented by an attorney. 15 USC 1692c(a)(2).

**COUNT II**
**NEGLIGENCE AGAINST PRO COM**

23. Plaintiff repeats and realleges each paragraph above.

24. Defendant PRO COM had a duty to reasonable care and to report to Defendant ANN ARBOR an accurate statement of Plaintiff's payment history.

25. Defendant PRO COM had a duty to reasonable care and to report accurate statements on Plaintiff's credit report.

26. Defendant PRO COM breached its duty by reporting a false and inaccurate account to Defendant ANN ARBOR.

27. The negligence of Defendant was a proximate cause of loss by Plaintiff and damage to his credit in an amount to be determined by the Court.

**COUNT III –ANN ARBOR**
**FAIR CREDIT REPORTING ACT**

28. Plaintiff repeats and realleges each paragraph above.

29. Defendant ANN ARBOR violated 15 U.S.C.§ 1681e(b) by:

a. Failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports concerning Plaintiff.

b. By willfully and/or negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

c. By willfully and/or negligently failing to delete incomplete and inaccurate information in Plaintiff's file after conducting a reinvestigation, in violation of 1681I(a) of the FCRA.

d. By willfully and/or negligently failing to provide subsequent users of the report with the plaintiff's statement of dispute of a summary thereof, in violation of 1681I(c) of the FCRA.

30. As a result of the Defendant ANN ARBOR'S conduct, actions and inaction, Plaintiff who in fact had an impeccable credit history, was unable to secure credit privileges and his credit limit was reduced on his credit card.

31. As a result of Defendant, ANN ARBOR'S conduct, actions and inaction, Plaintiff was unable to secure favorable credit privileges. As a result, Plaintiff incurred interest and finance charges relating to credit far in excess of what he would have otherwise incurred had he been able to secure credit elsewhere.

32. As a result of Defendant ANN ARBOR'S conduct, actions and inactions, Plaintiff was unable to secure the credit he needed.

33. As a result of Defendant, ANN ARBOR'S conduct, actions and inactions Plaintiff suffered actual damages in the form of extreme mental anguish and emotional distress and humiliation.

34. As a result of Defendant ANN ARBOR'S conduct, actions and inactions, Plaintiff suffered actual damages in the form of additional interest, expense, and finance charges as well as extreme mental anguish and emotional distress, humiliation, and damage to her reputation for credit worthiness.

35. Defendant ANN ARBOR'S conduct, actions and inactions were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to U.S.C.§1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant ANN ARBOR in an amount to be determined by the court pursuant to 15 U.S.C.§§ 1681n and 1681o.

**COUNT IV**
**NEGLIGENCE AGAINST DR. CHUA CARLOS, MD**

37. Plaintiff repeats and realleges each paragraph above.

38. Dr. Carlos performed medical treatment and services upon Makayla Atwood and Mariah Atwood.

39. Makayla Atwood and Mariah Atwood are the granddaughters of Plaintiff and reside in Illinois. They have never lived with Plaintiff.

40. Plaintiff never consented to the medical treatment and services rendered upon Makayla Atwood and Mariah Atwood.

41. Makayla Atwood and Mariah Atwood are not Plaintiff's legal dependents and are not covered by Plaintiff's insurance.

42. Plaintiff did not promise to pay Makayla Atwood or Mariah Atwood's medical expenses.

43. A grandparent is not responsible for the medical necessities of a grandchild.

44. Dr. Carlos attempted to collect the charges of the medical services from Defendant.

45. Dr. Carlos owed a duty of care to investigate and determine the correct person to bill for the medical treatment and services of Makayla Atwood and Mariah Atwood.

46. Dr. Carlos breached his duty by inaccurately billing Plaintiff's insurance carrier, Blue Cross and Blue Shield of Michigan and attempting to collect the debt from Plaintiff.

47. Dr. Carlos willfully and/or negligently failed to investigate and determine whom to charge for the medical services of Makayla Atwood and Mariah Atwood.

48. Dr. Carlos willfully and/or negligently failed to bill the correct person in relation to this debt.

49. As a result of Dr. Carlos' negligence, Plaintiff's credit and reputation is injured.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

50. Plaintiff realleges and incorporates by reference all of the above paragraphs.

51. Defendants' conduct in attempting to collect the alleged debt was extreme and outrageous.

52. Defendants acted with intent to cause emotional distress, or with reckless disregard of the effect of the conduct.

**COUNT VI**
**MICHIGAN COLLECTION PRACTICES ACT**

53. Plaintiff realleges and incorporates by reference all of the above paragraphs.

54. Defendant Pro Com Services Corp is a collection agency collecting an alleged consumer debt, and is covered by the Michigan Collection Practices Act (MCPA), MCLA 339.911, et seq.

55. In its attempts to collect the alleged debt, Defendants committed acts prohibited by the MCPA, including, but not limited to the following (subsection references are to MCLA 339.915, unless otherwise noted):

A. Communicating with a debtor, other than through billing procedures, after being informed that the debtor is represented by an attorney. Subsection (h).

56. Plaintiff has suffered injury, loss and damage as the result of Defendants' failure to respect Plaintiff's rights and the privacy interests and expectations protected by the Michigan Act.

57. Plaintiff has, in addition, suffered substantial actual damages, including emotional distress and humiliation.

58. Defendants' violation of the Michigan Act was willful, giving rise to treble damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendants for:

A. Actual damages, including for emotional distress;

B. Statutory damages, costs and reasonable attorneys' fees pursuant to 15 USC 1692k;

C. State Act statutory damages pursuant to Michigan Collection Practices Act;

D. Treble damages, for willful violations, plus costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act;

E. Statutory damages pursuant to 15 USC 1692k;

F. Actual damages as to Count II.

F. Actual damages in the amount of $5,000 as to Count III.

G. Punitive damages in the amount of $50,000 as to Count III.

G. Actual damages in the amount of $5,000 as to Count IV.

E. Punitive damages in the amount of $50,000 as to Count IV.

I. Attorney fees and costs;

J. Such other and further relief as may be just and proper.

**JURY DEMAND**

A jury trial is demanded on all issues so triable.

Respectfully Submitted,

RICHELLE C. LESTER P53383
UAW-Ford Legal Services Plan
33067 Schoolcraft
Livonia, Michigan 48150
(734) 427-4505

Dated: